Wayne D. Floeck v. Commissioner.
Floeck v. Commissioner
Docket No. 360-69 "SC".
United States Tax Court
T.C. Memo 1969-176; 1969 Tax Ct. Memo LEXIS 118; 28 T.C.M. (CCH) 882; T.C.M. (RIA) 69176; August 28, 1969, Filed *118 Robert G. Turney, 3701 Kirby Dr., Houston, Tex., for the petitioner. Daniel A. Taylor, Jr., for the respondent. 883 SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined deficiencies in petitioner's income taxes for the calendar years 1964, 1965, and 1966 in the amounts of $324.00, $301.71, and $322.79, respectively. The only issue for decision is whether petitioner is entitled to dependency credit exemptions for his two daughters during each of the years in issue. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioner, an individual who at the time of the filing of the petition in this case was a resident of Houston, Texas, filed an individual Federal income tax return for each of the calendar years 1964, 1965, and 1966 with the district director of internal revenue at Austin, Texas. Prior to February 25, 1963, petitioner was married to Jackie S. Floeck, now Jackie Hubbert and hereinafter referred to as Jackie. During their marriage petitioner and Jackie had two children, Rhonda Gail, born August 17, 1958, and Cynthia Elaine, born December 23, 1960. At the time petitioner and Jackie *119 were divorced in February 1963 custody of the two children was awarded to Jackie. The divorce decree ordered petitioner to make payments to Jackie for the support of the children through the Juvenile Probation Department, Houston, Texas. For the calendar years 1964, 1965, and 1966 petitioner paid to the Juvenile Probation Department of Houston, Texas, for the support of the children the amounts of $990, $694, and $810, respectively. These amounts were turned over by the Juvenile Probation Department to Jackie to be used for the support of the children. Petitioner was granted by the divorce decree visitation rights with the children on Wednesday and Friday evenings. During the years here in issue he regularly visited his children in accordance with his visitation rights or in accordance with an agreement which he reached with Jackie that he would have the children from Friday afternoon until late Saturday afternoon in lieu of the two evenings provided for by the divorce decree. Petitioner and Jackie made the agreement of substituting a 24-hour visit for the two evenings to cause less interference with the school work of Rhonda after she had started to school. When petitioner would *120 pick the children up for a visit, he would take them either to his mother's home for dinner or to his own apartment and out to eat dinner. When the children stayed with petitioner overnight, he would take them for the night either to his mother's home or to his apartment. Petitioner generally would also take the children to a movie or to some other place of entertainment. Petitioner generally spent $2 to $3 on each child each week during their visits with him. During the year 1964 petitioner spent approximately $100 for clothing for each of his children and in 1965 spent $150 for clothing for each of his children. During 1966 petitioner spent approximately $80 on clothing for each of his children. The total expenditures made by petitioner for the support of his children were $1,450 for 1964, $1,250 for 1965, and $1,200 for 1966. The children during the year 1964 lived from January 1 through April 30 with their mother in a garage apartment for which she paid $50 a month rent. The furnishings in the apartment belonged to Jackie. Jackie on May 1, 1964, married Thomas J. Hubbert (hereinafter referred to as Hubbert) and from May 1 throughout the balance of the year 1964 and for the *121 years 1965 and until February 28, 1966, the two children lived with Jackie and her husband in various apartments in Pasadena, Abilene, and Houston, Texas. In February 1966 Jackie and her husband purchased a house in Channelview, Texas and from March 1 throughout the year 1966, the two children lived with Jackie and her husband in their home in Channelview, Texas. During 1965 and 1966, in addition to Jackie and her husband and the two children of Jackie and petitioner, an infant born to Jackie and Hubbert resided with the family. The various apartments had different rental values and from time to time Jackie and Hubbert acquired additional furnishings for their apartments. The monthly mortgage payment on the house in Channelview, Taxas was $84 and the fair rental value of the house was in excess of that amount. Jackie and Hubbert paid for the utilities in the lodgings which the children shared with them and prior to May 1, 1966, Jackie paid utilities in the lodging which she shared with the children. Jackie or Jackie and Hubbert also furnished food and clothing for the two children, paid medical and dental expenses for them, bought certain books for the children, paid expenses for *122 entertainment and vacations, transported 884 one of them to school and to dancing lessons in their automobile and paid the costs of the dancing lessons, paid for gifts for them, and paid certain other incidental expenses for the children. From January 1 through April 30, 1964, Jackie paid $247.50 for each Rhonda and Cynthia for day care while she worked. After May 1, 1964, Jackie was not employed outside of her home and made no payments for day care for the two children. The total cost of the support for petitioner's two children was at least $3,300 for the year 1964, $2,700 for the year 1965, and $2,800 for the year 1966. Petitioner on his Federal income tax return for each of the years 1964, 1965, and 1966 claimed a dependency exemption for each of his children. Respondent in his notice of deficiency disallowed the claimed dependency exemptions. Ultimate Finding of Fact Petitioner has failed to establish that he furnished more than one-half of the support of his two children in any one of the years 1964, 1965, and 1966. Opinion The issue here is purely factual. Both parties recognize that petitioner is entitled to dependency exemptions for Rhonda and Cynthia *123 in each of the years here in issue if, and only if, he contributed over one-half of their support for that year. Petitioner testified as to the support furnished by him for the two girls and our finding of the amount of support furnished by petitioner is substantially in accordance with his testimony. Jackie and Hubbert both testified with respect to the support of the two girls furnished by them. Jackie had kept detailed records of many of the expenses she incurred and paid on behalf of the two children and receipts for many of the items she purchased for them. The only items included in the detailed list of expenditures for the children testified to by Jackie which were questioned by petitioner were the portion of the telephone bill charged to each child and Jackie's estimate of the fair rental value of the furnishings used by the family. In our determination of the total support of the children we have eliminated entirely the amount of telephone bills which Jackie included as part of the children's support and have substantially reduced the amount which she showed as the fair rental value of the household furnishings. When we add to the amount we have determined that Jackie *124 or Jackie and Hubbert spent on the two children, the amount spent by petitioner for clothing and entertainment for the children, the total support of the two children so computed for each of the years here in issue is substantially in excess of twice the amount of their support furnished by petitioner. We therefore do not consider it necessary to determine whether any portion of the telephone bills should be allocated to support of the children or precisely the amount of fair rental value of household furnishings that should be allocated to support of the children. If these two items were entirely eliminated from the computation of the support of the two children made by Jackie, the total support of the two children would still exceed twice petitioner's payment for their support in each year here in issue. Decision will be entered for respondent.